THE FAJARDO DEVELOPMENT COMPANY, DEMANDANTE Y APELANTE, *v.* CAMACHO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de una ordenanza y otros extremos.

No. 2849.—Resuelto en mayo 12, 1923.

ACCIONES SOMETIDAS AMIGABLEMENTE—PLEITOS—CUESTIÓN ACADÉMICA.—En el presente caso cierta corporación ferrocarrilera de servicio público entabló un pleito para anular una ordenanza municipal que la sujetaba al pago de un impuesto por cada tonelada de caña que transportara.    Después de obtenida una orden de *injunction* contra el demandado para mostrar causa, las partes sometieron el caso a la corte mediante la estipulación de hechos que se transcribe en la opinión.    *Se resolvió:* que tratándose de una verdadera controversia en la que está envuelta lá validez de una ordenanza municipal que de ser sostenida representaría un ingreso para el demandado y una carga para la demandante, no puede concluirse que lo que se ha llevado a la corte sea una cuestión académica.    Se trata de un pleito amigablemente sometido que debe tramitarse y resolverse de acuerdo con los hechos y la ley.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Sifre, Jr.*

Abogados de los apelados: *Sres. J. Soto Rivera* y *B. Pagán.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

The Fajardo Development Company, una corporación que explota un ferrocarril de servicio público que cruza por la municipalidad de Fajardo, entabló un pleito solicitando la

nulidad de cierta ordenanza municipal que la sujetaba al pago de un impuesto de un centavo por cada tonelada de caña que transportara. Archivada la demanda, solicitó la demandante que se librara una orden dirigida al demandado para que compareciera ante la corte a mostrar causa por la cual no debía expedirse un *injunction* preliminar tendente a prohibir al demandado · la ejecución de la ordenanza. La orden fué librada y en tal estado el procedimiento archivaron las partes una estipulación que copiada en lo pertinente dice:

"I. Los demandados admiten las siguientes alegaciones de la demanda: .

"A. Que The Fajardo Development Co. es una corporación organizada . . . . para dedicarse en la Isla de Puerto Rico al transporte de carga y pasajeros . . . . estando en la actualidad operando y explotando un ferrocarril . . . . pasando por las municipalidades de Luquillo, Fajardo y Ceiba, . . . .

"B Que dicho ferrocarril . . . . es de servicio público . . . .

"C, Que José Camacho, uno de los demandados, es Comisionado de Servicio Público de Luquillo y que el otro demandado, Juan Vélez, es Comisionado de Hacienda de dicha municipalidad, y que ambos están ocupando dichos cargos de acuerdo con los preceptos de la Ley Municipal.

"D. Que la Asamblea Municipal de Luquillo aprobó la ordenanza No. 4 que se transcribe en la demanda.

"E. Que hasta esta fecha los demandados no han cobrado contribución alguna por virtud de los preceptos de dicha ordenanza, pero que intentan y se proponen cobrarla una vez que comience la zafra del año 1921 al año 1922, y que están dando los pasos preliminares necesarios para proceder al cobro de dicha contribución.

"F. Que The Fajardo Sugar Growers Association es dueña de y tiene sembradas en el término Municipal de Luquillo unas mil quinientas cuerdas de caña, más o menos, que serán molidas durante la zafra de 1921 a 1922 . . . . y que la demandante transportará y tendrá que transportar como porteador público, una vez que comience la citada zafra, desde la municipalidad de Luquillo a la municipalidad de Fajardo, todas las cañas ya reseñadas . . . . y que así mismo la demandante tendrá que transportar todas aque-

llas otras cañas que le puedan ser entregadas por otras personas que deseen valerse de sus servicios como tal porteador público.

"G. Que la ordenanza aprobada por la Asamblea Municipal de Luquillo y que aparece fielmente transcrita en la demanda afecta a The Fajardo Development Company toda vez que de sostenerse por los tribunales que dicha ordenanza es válida, ésta tendría que pagar la contribución que la misma dispone por cada tonelada de caña que transportara durante la próxima zafra.

"II. Someter como lo hacen por la presente estipulación este pleito a la consideración de este tribunal para que tomando como ciertos los hechos admitidos por los demandados resuelva en definitiva si la Asamblea Municipal de Luquillo tuvo o no poder y autoridad legal para aprobar la ordenanza . . . . objeto de este pleito, . . . .

"III. La demandante desiste de la moción presentada pidiendo un auto preliminar de *injunction* y por tanto consiente en que se deje sin efecto la orden para mostrar causa, expedida en este caso, y los demandados por la presente se obligan y comprometen a no dar paso alguno ni hacer gestión alguna para imponer ni cobrar de la demandante la contribución que intenta imponer la citada ordenanza, mientras este pleito no sea resuelto en definitiva por el Tribunal Supremo de Puerto Rico en el caso de que alguna de las partes apelare para ante dicho tribunal de la resolución que pueda dictar la Corte de Distrito de Humacao, o por la Corte de Circuito en Boston en el caso de que cualquiera de las partes apelare para ante dicho tribunal.

"IV. Si la decisión del Tribunal Supremo de Puerto Rico en caso de apelarse para ante dicho tribunal, fuera adversa a la contención de la demandante y sostuviera la legalidad de la ordenanza, la Fajardo Development Company pagará al municipio de Luquillo la contribución que pueda adeudarle en dicha fecha por virtud de los preceptos de la ordenanza a no ser que se apele para ante la Corte de Circuito en Boston, y en caso de apelación para ante tribunal, si la resolución sostuviera la validez de la citada ordenanza, la demandante pagará al municipio de Luquillo lo que en esa fecha pueda adeudarle por virtud de los términos de la misma, y en el caso de que la resolución sea favorable a la demandante, la municipalidad de Luquillo no tendrá derecho a recibir pago alguno por concepto de los preceptos de dicha ordenanza.

"V. Demandados y demandantes estipulan que cada parte pagará sus costas y que ninguna será responsable a la otra por éstas,

ni por honorarios de abogado, ni por ningún otro concepto en lo que respecta a los gastos en que cada una de las partes pueda incurrir en la tramitación de este pleito.  Solicitar como se solicita del tribunal que conceda a cada parte quince días desde la radicación de esta estipulación para presentar alegatos, con el fin de que el tribunal sin necesidad de oir más prueba falle y resuelva en definitiva.''

Basándose en dicha estipulación, la Corte de Distrito estimó que sólo existía una cuestión académica que no tenía jurisdicción para resolver, y citando los casos de *La Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D. P. R. 91; *Truyol* v. *Municipio de Guayama,* 19 D. P. R. 541, y *San Juan Hippodrome Co.* v. *Commissión Hípica Insular,* 21 D. P. R. 1, declaró la demanda sin lugar, sin especial condenación de costas.

Apeló la demandante y, según la opinión que del caso hemos formado, sólo será necesario estudiar y resolver los tres primeros errores que señala que constituyen en verdad uno solo, a saber: erró la corte al declararse sin jurisdicción y, por tal motivo, desestimar la demanda.

En el caso de *Lord* v. *Veazie,* 49 U. S. 250, 254, la Corte Suprema de los Estados Unidos, por medio de su Juez Presidente Taney, se expresó así:

''La misión de las cortes de justicia es resolver los derechos de las personas y la propiedad, cuando las personas interesadas no pueden llegar a un acuerdo sobre ellos mediante convenios entre ellas mismas, y hacer esto después de una debida audiencia de ambas partes.  Y cualquier tentativa debido a una mera aparente disputa, por obtener la opinión de una corte sobre una cuestión de derecho que una parte desea conocer para su propio interés o para sus mismos fines, cuando no existe controversia verdadera y substancial entre aquellas que comparecen como partes adversas en el pleito, es un abuso que las cortes de justicia siempre han reprendido y considerado como un desacato que puede ser castigado.

''Se habla del pleito, en las declaraciones juradas que han sido archivadas para sostenerlo, como de una acción amigable, y el procedimiento ha sido defendido por ese fundamento.  Pero una ac-

ción amigable en el sentido en que estas palabras se usan en las cortes de justicia supone previamente la existencia de una verdadera disputa entre las partes con relación a cierta cuestión de derecho. Y en un caso como ese a veces ocurre que con el fin de obtener una decisión de la controversia, sin incurrir en gastos y molestias innecesarios, convienen ellas en llevar adelante el pleito en una forma amistosa, esto es, que no habrá molestia entre una y otra parte con formas o tecnicismos innecesarios, y mutuamente admitirán los hechos conocidos por ellas como ciertos, y sin exigir prueba, y traerán la cuestión en disputa ante una corte para su decisión, sin que uno u otro tenga que quedar sometido a gastos o demora innecesarios. Pero debe realmente existir una verdadera controversia e intereses adversos. La amistad consiste en la forma en que la acción se presenta para ser discutida ante la corte. Y tales acciones amigables, lejos de ser objeto de censura, son aprobadas y favorecidas, pues ellas facilitan grandemente la administración de justicia entre las partes. La objeción que hay en el caso ante nuestra consideración no es que los procedimientos fueron amigables sino que no existe verdadero conflicto de interés entre ellas; que el demandante y el demandado tienen el mismo interés, y que ese interés es adverso y está en conflicto con el interés de terceras personas cuyos derechos serían grandemente afectados si la cuestión de derecho fuera resuelta en la forma en que lo desean ambas partes en este pleito.'' 8 How. 250, 254.

¿Constituye el asunto ante nosotros una controversia ficticia, envuelve una cuestión académica, o es en realidad de verdad un pleito sometido amigablemente a la decisión de la corte? Un examen cuidadoso de los autos nos lleva a concluir que existe aquí una verdadera controversia. El Municipio no se limitó a pensar en aprobar la ordenanza. Esta fué aprobada y está actualmente en vigor. La demandante, parte afectada directamente por la ordenanza, inició el pleito en gestión de su nulidad y solicitó una orden de *injunction* y el mandato para mostrar causa fué expedido, y en este estado el procedimiento fué que se archivó la estipulación que se ha transcrito. Si en todos los pleitos pudiera adoptarse la práctica aquí seguida, se facilitaría grandemente la labor de las cortes.

. A menos que exista algo oculto, los autos sólo demues-
tran a nuestro juicio el deseo de aminorar el trabajo de las
partes y la corte y llegar prontamente a la solución de una
cuestión de importancia para las partes.  Si la ordenanza es
válida, representaría un ingreso para el demandado y una
carga para la demandante.  Los intereses de ambas partes
son encontrados.  Controversias de la naturaleza de ésta han
sido varias veces resueltas últimamente por las cortes de
distrito y este tribunal ha intervenido en las apelaciones es-
tablecidas con motivo de las mismas.

Por virtud de lo expuesto debe revocarse la sentencia re-
currida y el caso devolverse a la corte de su origen para que
lo resuelva por sus méritos.

> *Revocada la sentencia apelada y devuelto el
> caso para que sea decidido por sus méritos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y
Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la re-
solución de este caso.